UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JORGE SOLANO-MORETA,

        Petitioner,                      Case No. 2:16-cv-208

v.                                          Honorable Gordon J. Quist

FEDERAL BUREAU OF PRISONS, et al.,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241 by a federal prisoner who is currently being housed in a state prison. Petitioner Jorge Solano-Moreta asserts that the Federal Bureau of Prisons (BOP) violated his due process rights when they transferred him to a state maximum security prison, specifically the Marquette Branch Prison (MBP). Petitioner asserts that pursuant to BOP policy, federal inmates may be placed in state prisons only when there is not available space in the federal prison system. Petitioner states that there are "plenty Federal Prisons" in which he could be housed. In addition, Petitioner asserts that before a federal prisoner may be placed in a state maximum security prison, he must have received notice, a hearing, personal psych interviews, and a right to appeal. Petitioner complains that the living conditions at MBP are well below the standards in a BOP prison and include 23 hours a day lockdown, no contact visits, 5 minute showers, no private showers, poor quality meals, and unsanitary serving conditions. Petitioner seeks to be moved to a federal prison or, in the alternative, to a medium security state prison.

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz,* 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Nothing in the instant petition suggests that Petitioner is seeking an earlier or immediate release. Rather, Petitioner claims that it is his transfer to MBP that violates his due process rights, and Petitioner seeks to continue his term of imprisonment in either a BOP facility or a medium security state prison. Because Petitioner challenges only the conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). An inmate like Petitioner may, however, bring claims challenging the conditions of his confinement under 42 U.S.C. § 1983.

Although *pro se* litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.

1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin,* 391 F.3d at 714 (quoting *Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)).  Where, as here, claims about conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin,* 391 F.3d at 714. Accordingly, the undersigned recommends that the court dismiss Petitioner's claims without prejudice to his ability to raise these claims in a civil rights action.

Dated:   September 30, 2016                             */s/ Timothy P. Greeley*
                                                                     TIMOTHY P. GREELEY
                                                                     UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).