UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JORGE SOLANO-MORETA,

       Petitioner,                           Case No.  2:16-CV-208

v.                                                  Hon. Gordon J. Quist

FEDERAL BUREAU OF PRISONS, et al.,

       Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Jorge Solano-Moreta, a federal prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2241 complaining of the Federal Bureau of Prisons's (BOP) decision to place him in a state facility.  Petitioner alleges that he is a medium-level security prisoner and, as a result of the BOP's decision to place Petitioner with the Michigan Department of Corrections (MDOC), the MDOC has decided to house Petitioner in a maximum-security facility.  Petitioner alleges that living conditions at the MDOC facility are cruel and unusual, in violation of the Eighth Amendment, and that Petitioner's placement in a maximum-security facility, absent compliance with certain procedures, violated the BOP's policies, as well as Petitioner's right to due process.  (ECF No. 1at PageID.7–10.)  For relief, Petitioner requests a declaratory judgment that the BOP violated its procedures and policies, as well as Petitioner's due process rights, by placing him in a state maximum-security facility.  Petitioner also requests an order directing the BOP to place Petitioner in a federal prison facility or, alternatively, transfer Petitioner to a state medium-level facility.  (*Id.* at PageID.12.)  Petitioner names the BOP and Robert Napel, the warden of the state facility, as Respondents.

On September 30, 2014, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court dismiss Petitioner's § 2241 petition without prejudice to allow Petitioner to file his claims in a civil rights action pursuant to 42 U.S.C. § 1983.  The magistrate judge construed Petitioner's § 2241 petition as complaining about the conditions of his confinement, rather than seeking an earlier or immediate release from custody. (ECF No. 2 at PageID.18.) The magistrate judge therefore concluded that Petitioner's claims fall outside the scope of habeas corpus relief and instead must be brought in a civil rights action. (*Id.*)

Petitioner has filed an Objection to the Report and Recommendation, in which he argues that he may challenge his confinement in the state facility through a § 2241 petition because he challenges the execution of his sentence or the manner in which it is being served.  Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  After conducting a de novo review of the R & R, Petitioner's Objection, and the Petition, the Court concludes that the R & R should be adopted for the reasons set forth in the R & R and for the additional reasons set forth below.

The magistrate judge correctly concluded that Petitioner's challenges must be brought in a civil rights action under 42 U.S.C. § 1983.  Petitioner complains about being housed in a maximum security facility and about the conditions at that facility.  Claims that concern conditions of a prisoner's confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (internal quotation marks omitted).  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas relief] and may be brought pursuant to [42 U.S.C.] § 1983 in the first instance."

*Nelson v. Campbell* 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).  Petitioner's claims are outside the realm of habeas relief and must be brought in a civil rights action.  *See Martin v. Overton*, 391 F.3d 710, 712–14 (6th Cir. 2004) (concluding that a petitioner's § 2241 petition seeking a transfer to a different facility for medical treatment should have been brought in an action under 42 U.S.C. § 1983); *Shah v. Quintana*, No. 5:16-122-KKC, 2016 WL 2599113, at *1 (E.D. Ky. May 5, 2016) ("Shah's challenge to his placement in segregation and request to be returned to the general population constitutes a challenge to the conditions of his confinement, and must be assessed in a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)."); *Simmons v. Curtin*, No. 10-cv-14751, 2010 WL 5279914, at *1 (E.D. Mich. Dec. 17, 2010) ("Simmons's challenges to his security classification and resulting transfer to a different facility . . . are not attacks upon the execution of his sentence, and therefore, are not cognizable under § 2241.").  In fact, courts have held that § 2241 may not be used as a vehicle to challenge prison placements and transfer decisions.  *See Boyce v. Ashcroft*, 251 F.3d 911, 917 (10th Cir. 2001) ("[Section 2241] may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system."), *vacated on grounds of mootness*, *Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001)); *McCarthy v. Ebbert*, No. 1:14-CV-2091, 2014 WL 6773847, at *1 (M.D. Pa. Dec. 2, 2014) (holding that the petitioner's challenge to his placement in a particular facility was a challenge to the conditions of his confinement that must proceed in a civil rights action rather than a habeas petition under § 2241 because the petitioner did not allege that his placement was inconsistent with his sentencing judgment).  Thus, the magistrate judge did not err in concluding that Petitioner must bring his claims in a civil rights action.

Petitioner's challenges against the BOP are also subject to dismissal because the BOP is not a proper respondent in a habeas proceeding under § 2241.  *See Benningfield v. Snyder-Norris*, No. 15-CV-115-HRW, 2016 WL 1271027, at *1 n.1 (E.D. Ky. Mar. 29, 2016); *Reyes-Morales v. Wells*,

3

766 F. Supp. 2d 1349, 1354 (S.D. Ga. 2011).  Instead, the individual having immediate custody of the petitioner—usually the warden a the facility where the petitioner is housed—is the only proper respondent.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 2718 (2004).

      Moreover, Petitioner's claims would likely fail in any event.  First, Petitioner has no right to be housed in any particular facility.  The Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification.  *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741, 1745 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29, 96 S. Ct. 2532, 2540 (1976).  The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges.  *See, e.g.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement).

      Similarly, Petitioner's due process claim against the BOP would likely fail.  "[I]t is well established that the requirements of Due Process are defined by the United States Constitution, not by an agency's internal regulations."  *Harris v. Rios*, No. 7:08-CV-32-KKC, 2009 WL 1458205, at *6 (E.D. Ky. May 26, 2009) (citing *Sandin v. Conner*, 515 U.S. 472, 485, 115 S. Ct. 2293, 2301 (1995)).  Thus, a prison's failure to comply with its own internal regulations generally does not give rise to a due process violation under the Constitution.  *See McKoy v. Fox*, 1:09-CV-892, 2012 WL 6765590, at *6 (E.D. Tex. Sept. 18, 2012).  Courts have recognized that the BOP's program statements do not confer any substantive rights on federal inmates.  *See Benningfield*, 2016 WL 1271027, at *3 (observing that the petitioner would likely fail on a due process claim based on the

4

BOP's failure to follow its program statement and other internal policies with regard to the petitioner's security classification); *Robles v. English*, No. 5:13cv6/MCR/EMT, 2013 WL 3797594, at *5 (N.D. Fla. July 19, 2013) (holding that alleged violations of BOP Program Statements and federal regulations did not provide a basis for habeas relief).

Therefore,

**IT IS HEREBY ORDERED** that Magistrate Judge Greeley's September 30, 2016 Report and Recommendation (ECF No. 2) is **ADOPTED** as the opinion of the Court, and Petitioner's Objection (ECF No. 3) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a civil rights action to assert his claims.

This case is **concluded**.


Dated: November 3, 2016            /s/ Gordon J. Quist
                                   GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE